IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANNETTE L. TILLA,

      Plaintiff,

      v.                                                                                         Civ. No. 19-532 SCY

ANDREW SAUL, Commissioner of Social
Security,[1]

      Defendant.

## MEMORANDUM OPINION AND ORDER[2]

**THIS MATTER** is before the Court on the Social Security Administrative Record, Doc. 14, filed August 21, 2019, in support of Plaintiff Shannette Tilla's Complaint, Doc. 1, seeking review of the decision of Defendant Andrew Saul, Commissioner of the Social Security Administration, denying her claim for disability insurance benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434. On November 4, 2019, Ms. Tilla filed her Motion To Reverse And Remand For A Rehearing With Supporting Memorandum. Doc. 20. The Commissioner filed a response on February 4, 2020, Doc. 24, and Ms. Tilla filed a reply on February 18, Doc. 25. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). Having meticulously reviewed the entire record and the applicable law and being fully advised in the premises, the Court finds the Motion is well taken and is **GRANTED.**

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019 and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 4, 9 & 10.

## **BACKGROUND AND PROCEDURAL RECORD**

According to the decision below, claimant Shannette Tilla suffers from the following severe impairments: Major Depressive Disorder; Anxiety Disorder; and Post-Traumatic Stress Disorder. Administrative Record ("AR") at 1031. Ms. Tilla completed three years of college and has past relevant work as a case worker and case work supervisor. AR 89-90, 284.

On February 11, 2013, Ms. Tilla filed her application for benefits under Titles II and XVI. AR 100, 117. She alleges disability beginning on December 1, 2009. AR 1016. Her application was initially denied on June 20, 2013, and upon reconsideration on September 4, 2013. AR 100, 117, 131, 147. Administrative Law Judge ("ALJ") Eric Weiss conducted a hearing in Albuquerque on July 16, 2015. AR 35. Ms. Tilla appeared with legal representation and testified. *Id.* The ALJ also took testimony from Vocational Expert ("VE") Sandra Trost. *Id.* On September 10, 2015, the ALJ issued a partially favorable decision. AR 17-29. He found that Ms. Tilla was not disabled at any time through December 31, 2009, her date last insured, but that she became disabled on October 30, 2013. *Id.* On November 18, 2016, the Appeals Council denied Ms. Tilla's request for review. AR 1-4.  Ms. Tilla appealed to this Court. AR 1085. The ALJ's decision is the final decision of the Commissioner for purposes of judicial review. On June 10, 2019, Ms. Tilla filed a timely appeal with this Court. Doc. 1.

Judge Khalsa remanded the case for further consideration. AR 1087-1104. She found that that the ALJ failed to apply the proper legal standards in determining Ms. Tilla's onset of disability and that he should have called on the services of a medical advisor in determining the onset date because the medical evidence was ambiguous. AR 1099. She further found that "[t]he ALJ also failed to discuss and consider relevant evidence that creates the possibility that Ms.

Tilla's physical and mental impairments were disabling prior to her date of last insured." *Id.* She remanded for a rehearing. AR 1104.

On remand, ALJ Weiss held another hearing on February 25, 2019. AR 1042. He took testimony from Ms. Tilla, who appeared with counsel; her husband David Lee; and medical advisors Dr. Alvin Stein and Dr. Ira Hymoff. AR 1042-82. On April 4, 2019, the ALJ issued another partially favorable decision. AR 1012-34. He again found that Ms. Tilla was not disabled prior to October 30, 2013, but became disabled on that date and continued to be disabled through the date of the decision. *Id.* However, this finding of disability resulted in no entitlement to benefits, because her date last insured is December 31, 2009, and her household income precludes entitlement to benefits under Title XVI. AR 257-58, 1019. Ms. Tilla did not seek review from the Appeals Council and filed a timely appeal with this Court on June 10, 2019. Doc. 1. ALJ Weiss' April 2019 decision is the final decision of the Commissioner for purposes of judicial review.

## APPLICABLE LAW

### A.   Disability Determination Process

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

(1) At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[3] If the claimant is engaged in substantial gainful activity, she is not disabled regardless of her medical condition.

(2) At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, she is not disabled.

(3) At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

(4) If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [the claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.

(5) If the claimant does not have the RFC to perform her past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

---

[3] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [she] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [she] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

B.      Standard of Review

This Court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at 800-01. In making these determinations, the Court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere

5

conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

## ANALYSIS

Ms. Tilla argues that the Court should reverse the decision below for three reasons: (1) the ALJ failed to comply with Judge Khalsa's mandate to comply with the proper legal standards and to discuss the evidence that her decision specifically highlighted, Doc. 20 at 11-19; (2) the ALJ failed to discuss and weigh the opinion of examining psychologist Steven K. Baum, Ph.D., *id.* at 19-21; and (3) the ALJ failed to engage in a *Trimiar* analysis with respect to the number of jobs available in the national economy, *id.* at 22-24. Finally, Ms. Tilla argues, due to the length of time this case has been pending and the previous mandate from this Court, an outright award of benefits dating from her alleged onset date is appropriate. *Id.* at 24-25. In the alternative, she requests a remand for a rehearing before a new ALJ. *Id.* at 25. In her reply, Ms. Tilla withdraws

her first and third arguments. Doc. 25 at 1, 5. The Court agrees with Ms. Tilla with respect to her second argument, and finds that it requires remand. The Court does not order an outright award of benefits.

**I.      The ALJ Was Required To Discuss Dr. Baum's Medical Opinion.**

Ms. Tilla argues that the ALJ erred in failing to consider and assign weight to the opinion of examining psychologist Steven K. Baum, Ph.D.  Doc. 20 at 19-21.

"It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions, including the opinions of state agency medical consultants." *Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014) (internal quotation marks omitted); *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003). "Medical opinions are statements from acceptable medical sources[4] that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927; *accord* SSR 06-03p, 2006 WL 2329939, at *2. The ALJ must evaluate medical opinions according to the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011).

---

[4] "Acceptable medical sources" are licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. SSR 06-03p, 2006 WL 2329939, at *1; SSR 96-2p, 2017 WL 3928298.

The ALJ is not required to "apply expressly each of the six relevant factors in deciding what weight to give a medical opinion." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Rather, the decision need only be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* (internal quotation marks omitted).

In this case, Dr. Baum performed a clinical interview, reviewed medical records, administered tests, and wrote a report on January 11, 2019. AR 1394-99. He estimated that Ms. Tilla has a learning disability and assessed her with an anxious mood and blunted/depressed affect, but found her knowledge, judgment, and insight to be intact or fair. AR 1394. As relevant to Ms. Tilla's pre-2013 disability claim, he reviewed Presbyterian ER records from 2004 that diagnosed "anxiety" and "adjustment w/depressed mood"; UNM records from 2009 to 2011 that diagnosed "anxiety, depression, pain/GBS, OSA"[5]; and 1st Choice records from 2009 to 2013 that diagnosed anxiety, depression, PTSD, pain/GBS." AR 1395. He concluded:

> There is a preponderance of evidence supporting the diagnoses of anxiety, depression and pain/GBS with all sources citing examples, medication treatment or diagnosis directly. . . . There is less confirmation of the PTSP diagnosis through providers from 1st Choice and Epoch, social worker Lopez and CE reports from DeBernardi agree. When I saw the claimant, she reported that she had so much physical pain, that she could no longer feel her psychological pain from childhood. This is consistent with someone who has adjusted to her psychiatric impairment as identified by the MMPI correlate of "psychotic adjustment." . . . This MMPI correlate may explain in part why previous providers failed to identify the thought disorder. She simply may have grown used to their presence or it was dwarfed by disorder[] stemming from a pathological childhood and adolescence. In terms of neurocognitive disorder, she is mildly disordered with a likely learning disorder in math. Relative to her clinical functioning, her impaired cognitive status is the least of her problems--though this function will likely decline as her psychopathy progresses.

AR 1395.

---

[5] "GBS" refers to Guillain-Barré syndrome and "OBS" refers to obstructive sleep apnea.

Dr. Baum also completed a Medical Assessment of Abilities to Do Work-Related Activities (Mental) ("MSS") that instructed him to consider the patient's medical history and chronicity of findings as from December 31, 2009 to current examination. AR 1401. In understanding and memory, he found 2 moderate and 1 marked limitation. *Id.* In sustained concentration and persistence, he found 1 slight, 3 moderate, and 4 marked limitations. *Id.* In social interaction, he found 3 moderate and 1 marked limitation. AR 1402. In adaption, he found 1 slight, 2 moderate, and 1 marked limitation. *Id.* He did not find that she met the criteria for listing 12.06 anxiety disorders, AR 1404, but found she met listing 12.08 personality disorders and 12.15 trauma/stress disorders, AR 1405-07.

Despite his duty to consider and discuss the weight assigned to all medical opinions, the ALJ did not mention or discuss Dr. Baum's opinion. The Commissioner argues that Dr. Baum's opinion is consistent with the ALJ's decision, and that "when the medical evidence does not conflict with an ALJ's conclusion, 'the need for express analysis is weakened.'" Doc. 24 at 13-14 (quoting *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004)). The Commissioner argues that Dr. Baum's opinion is consistent with the ALJ's decision because "it appears to be an opinion about Plaintiff's mental functioning at the time of Dr. Baum's examination [in] January 2019" and "he did not opine that Plaintiff had severe impairments on or before October 30, 2013." *Id.* at 13-14.

Because it invokes reasoning that the ALJ did not articulate, the Commissioner's argument relies on the principle of harmless error. The Court may find an error harmless and affirm where the Court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). A finding of harmless error is appropriate when

"the missing fact was clearly established in the record." *Id.* But "to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action." *Id.*

The Court does not agree with the Commissioner that a reasonable factfinder would be compelled to find that Dr. Baum's opinion applies only to Ms. Tilla's post-2013 mental state. To be sure, the Commissioner's arguments are logical and a reasonable factfinder could accept them. Doc. 24 at 13-14. As the Commissioner argues, Dr. Baum's written report does not, on its face, specify the time period during which he thought Ms. Tilla had mental health disorders. AR 1395. "[H]e did not describe dates or track the severity of Plaintiff's symptoms over time," Doc. 24 at 13, so he did not explicitly disagree with Dr. Hymoff's opinion that Ms. Tilla's mental condition worsened over time. AR 1395. Certainly, a reasonable factfinder could find that Dr. Baum's opinion was merely about her mental state in January 2019.

But a reasonable factfinder could also find that Dr. Baum's opinion was about Ms. Tilla's mental health disorders prior to 2013. As described above, Dr. Baum evaluated records from 2009 to 2013, and opined that *all sources he reviewed* constitute "a preponderance of evidence supporting the diagnoses of anxiety, depression and pain/GBS." AR 1395.[6] He also discusses her "psychological pain from childhood"—in other words, that her condition is long-term. *Id.* And, finally, Dr. Baum filled out forms that asked him to opine on her condition since 2009. AR 1401-

---

[6] Interestingly, these sources include the records from Dr. Valerie Carrejo of 1st Choice that Judge Khalsa specifically instructed the ALJ to discuss. AR 772-800, 1101-02. Judge Khalsa found that these treatment notes from 2009 to 2012 constituted "relevant evidence that creates the possibility that Ms. Tilla's physical and mental impairments were disabling prior to her date of last insured." AR 1104. The ALJ's 2019 decision violates Judge Khalsa's instructions, as it fails to mention *any* of Dr. Carrejo's treatment notes. Doc. 20 at 15. A reasonable factfinder could certainly find that Dr. Baum's review of these same records indicates that he too agreed that Ms. Tilla's mental impairments were disabling prior to 2013.

02. He checked boxes on these forms that indicated severe limitations, but made no comment about when these severe limitations existed. *Id.* A reasonable factfinder could find that Dr. Baum was faithful to the form's instructions to opine on Ms. Tilla's condition since 2009. In short, the Court cannot make the finding on which the Commissioner's harmless error argument depends: that it is clearly established in the record that Dr. Baum's January 2019 opinion did not relate to the period before October 2013.

The Commissioner also argues that the ALJ "considered" Dr. Baum's opinion because he cited it on AR 1028. Doc. 24 at 14. True, the ALJ cited a comment in Dr. Baum's report that Ms. Tilla's brother does most of the cleaning and cooking in the household. The ALJ cited this comment in support of the ALJ's decision to give little weight to her husband's testimony that he did most of the household chores. AR 1028. The Commissioner does not explain how this passing reference to a stray non-medical-opinion comment in Dr. Baum's report satisfies the ALJ's duty to "discuss the weight he assigns" to "all the medical opinions in the record." *Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014); *see also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). The Court finds that it does not.

**II.     The Court Will Remand Rather Than Order Payment Of Benefits.**

Ms. Tilla requests that the Court order the payment of benefits outright rather than remand for a rehearing. Doc. 20 at 24-25. The Tenth Circuit has indicated that "[w]hether or not to award benefits is a matter of . . . discretion." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006). Factors relevant to the decision are "the length of time the matter has been pending" and "whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits." *Id.* (internal quotation marks and alterations omitted). In *Salazar*, the Tenth Circuit indicated that "more than five years" is a

lengthy amount of time, weighing in favor of awarding benefits outright. *Id.* Ms. Tilla is correct that her application has been pending for an even longer time—over seven years.

The Court disagrees, however, that further factfinding would serve no useful purpose. On remand, an ALJ must properly weigh and discuss Dr. Baum's opinion, but it is squarely within the purview of an ALJ to do so—not this Court. In particular, Dr. Baum's opinion must be weighed against the opinions of the medical experts who appeared live at the hearing, Drs. Stein and Hymoff, both of whom opined that Ms. Tilla could not establish a disability prior to 2013. An ALJ is better suited for this task than this Court.

Ms. Tilla requests that, if benefits are not awarded outright, the Court to remand the case to a new ALJ. Doc. 20 at 25. Under HALLEX 1-2-1-55(D)(4), it appears that the agency would do so regardless of what the Court orders. *See* https://www.ssa.gov/OP_Home/hallex/I-02/I-2-1-55.html. The Commissioner, however, does not object to this relief, and the Court will order it.

## CONCLUSION

For the reasons stated above, Ms. Tilla filed her Motion To Reverse And Remand For A Rehearing With Supporting Memorandum, Doc. 20, is **GRANTED**. The case shall be remanded to a different ALJ for rehearing.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**